# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| KRYSTAL M. ANDERSON,<br>And all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PRINCIPAL LIFE INSURANCE COMPANY;<br>BENEFIT PLANS ADMINISTRATIVE<br>COMMITTEE; and BENEFIT PLANS<br>INVESTMENT COMMITTEE,<br><br>Defendants. | Civil Action No. 4:15-cv-00119-JAJ-HCA |

## JUDGMENT APPROVING SETTLEMENT OF CLASS ACTION

WHEREAS, Plaintiff in the above-captioned lawsuit (the "Action") on behalf of herself and the Settlement Classes, and Defendants Principal Life Insurance Company; Benefit Plans Administrative Committee; and Benefit Plans Investment Committee ("Defendants"), have entered into a Class Action Settlement Agreement dated June 29, 2015, (the "Agreement"), that provides for a complete dismissal with prejudice of all claims asserted in the Action against Defendants by Settlement Class Members on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Agreement;

WHEREAS, by Order dated July 30, 2015 (the "Preliminary Approval Order"), this Court (1) conditionally certified the Settlement Classes and appointed Class Counsel, (2) preliminarily approved the Settlement; (3) directed notice to Monetary Relief Class Members and approved the plan and form of Notice; (4) appointed a settlement administrator; (5) scheduled a fairness hearing;

and (6) scheduled a hearing on Plaintiff's counsels' motion for fees and costs and the payment of Case Contribution Fee;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on November 13, 2015 (the "Fairness Hearing") to consider, among other things, (a) whether the proposed Settlement on the terms and conditions provided for in the Agreement is fair, reasonable, adequate and in the best interests of the Settlement Classes and should be approved by the Court; (b) whether a Judgment substantially in the form attached as Exhibit B to the Agreement should be entered dismissing with prejudice all claims asserted in the Action against Defendants with respect to Settlement Class Members; (c) whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) whether the motion by Plaintiff's Counsel for an award of attorneys' fees and reimbursement of litigation expenses and for a Case Contribution Fee should be approved; and

WHEREAS, the Court having reviewed and considered the Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents:** This Judgment incorporates and makes a part hereof: (a) the Agreement filed with the Court on June 30, 2015, including the Plan of Allocation submitted therewith; and (b) the Amended Notice submitted to the Court after the July 27, 2015 hearing on preliminary approval and approved by the Court on July 30, 2015.

3. **Class Certification for Settlement Purposes:** The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure with the (1) Monetary Relief Class consisting of all current and former participants in the Employees Plan or the Individual Field Plan who maintained a balance of any amount in either of the Plans at any point during the period from August 7, 2008 to July 30, 2015, excluding Defendants; and (2) the Structural Changes Class consisting of all participants in the Employees Plan or the Individual Field Plan on or after July 30, 2015.

4. **Adequacy of Representation:** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiff as Class Representatives for the Settlement Classes and appointing Plaintiff's Counsel as Class Counsel for the Settlement Classes. Plaintiff and Plaintiff's Counsel have fairly and adequately represented the Settlement Classes both in terms of litigating the claims of the Settlement Classes and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g).

5. **Notice:** The Court finds that the dissemination of the Notice: (i) was implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice reasonably practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise all Class Members of the pendency of the Action, of the effect of the Settlement (including the releases provided for therein), of Plaintiff's Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, of their right to object to the Settlement, the Plan of Allocation and Plaintiff's Counsel's motion for attorneys' fees and reimbursement of

litigation expenses, and of their right to appear at the Fairness Hearing; (iv) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution including the Due Process Clause, and all other applicable law and rules.

6. **Final Settlement Approval and Dismissal of Claims:** Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Agreement in all respects including, without limitation, the amount of the Settlement; the releases provided for therein, including the release of the Plaintiff's Claims as against the Defendants and the Defendants' Claims as against the Plaintiff; and the dismissal with prejudice of the claims asserted in the Action against Defendants by Settlement Class Members, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of Plaintiff and the Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions of the Agreement.

7. As of the Effective Date, pursuant to Fed. R. Civ. P. 54(b), all of the claims asserted in the Action against Defendants by Plaintiff and Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Agreement.

8. **Binding Effect:** The terms of the Agreement and of this Judgment shall be forever binding on Defendants, Plaintiff and all Settlement Class Members, as well as their respective heirs, executors, administrators, predecessors, successors and assigns.

9. **Releases:** The releases set forth in Paragraphs 6.1 and 6.3 of the Agreement (the "Releases"), together with the definitions contained in Paragraphs 1.35 and 1.48 of the Agreement

relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that, as of the Effective Date:

(a) The Plaintiff and each of the other Settlement Class Members, on behalf of themselves and their respective officers, directors, heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed with prejudice each and every Claim against the Defendants and the other Released Parties and shall forever be enjoined from prosecuting any or all of the Plaintiff's Claims against any of the Defendants as more fully set forth in the Settlement Agreement; and

(b) Each of the Defendants, on behalf of themselves and their respective officers, directors, heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed with prejudice each and every Defendants' Claim against the Plaintiff and shall forever be enjoined from prosecuting any or all of the Defendants' Claims against the Plaintiff, as more fully set forth in the Settlement Agreement.

10. **Rule 11 Findings:** The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the claims asserted in the Action against Defendants by Settlement Class Members.

11. **No Admissions:** This Judgment, the Preliminary Approval Order, the Agreement (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained

therein (or any other plan of allocation that may be approved by the Court), materials submitted in support of the Plan of Allocation, and the negotiations that lead to the agreement in principle reached on March 3, 2015, the negotiation of the Agreement and its exhibits, and any papers submitted in support of approval of the Settlement, and any proceedings taken pursuant to or in connection with the Agreement or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall not be offered against any of the Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by the Plaintiff or the validity of any claim that was, could have been, or may be asserted or the deficiency of any defense that has been, could have been, or may be asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Defendants; (b) shall not be offered against the Plaintiff as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against the Plaintiff in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Agreement; provided, however, that if the Agreement is approved by the Court, the Parties and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement; (c) shall not be construed against any of the Parties as an admission, concession, or presumption that the Settlement Amount represents the amount which could be or would have been recovered by the Settlement Classes after trial with respect to their claims in the Actions; (d) shall not be construed against the Plaintiff or any other plaintiff party that any of the claims asserted or to be asserted in the Actions are without merit, that any of the Defendants have or had meritorious

defenses, or that damages recoverable by the Settlement Classes would not have exceeded the Settlement Amount.

12. **Retention of Jurisdiction:** Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and litigation expenses by Plaintiff's Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; and (e) the Settlement Class Members for all matters relating to the Action.

13. A separate order shall be entered on the motion of Plaintiff's Counsel for an award of attorneys' fees and reimbursement of litigation expenses and a Case Contribution Fee. Such order shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

14. **Modification of Settlement Agreement:** Without further approval from the Court, Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Agreement or any exhibits attached thereto to effectuate this Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

15. **Termination:** If the Effective Date does not occur or the Settlement is terminated as provided in the Agreement, then this Judgment (and any orders of the Court relating to the

Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Agreement.

16. **Entry of Final Judgment:** There is no just reason to delay entry of this Judgment as a final judgment with respect to the claims asserted in the Action against Defendants by Settlement Class Members. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment pursuant to Fed. R. Civ. P. 54(b) as against Defendants.

SO ORDERED this 13th day of November, 2015.

_____
The Honorable John A. Jarvey
United States District Judge